59 F.3d 141
 James Robert BAILEY, Plaintiff-Appellant
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Inspector General
of U.S. Department of Agriculture; Food and
Nutrition Service, Denver Field Office;
James Feldewerth; Mark Hopko,
Defendants-Appellees.
 No. 94-1299.
 United States Court of Appeals,
Tenth Circuit.
 June 21, 1995.
 
 James Robert Bailey, pro se.
 Henry L. Solano, U.S. Atty., Michael E. Hegarty, Asst. U.S. Atty., D. of Colorado, Denver, CO, for defendants-appellees.
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Plaintiff filed suit in the United States District Court for the District of Colorado alleging various injuries stemming from his arrest and prosecution on charges of food stamp fraud. For purposes of this appeal, plaintiff argues only that the United States magistrate judge was without authority to recommend dismissal of his case and that the district court improperly granted summary judgment to defendants on plaintiff's claim under the Right to Financial Privacy Act, 12 U.S.C. Secs. 3401-3422 (RFPA or Act). Because we find no merit in either of plaintiff's contentions, we affirm.[1]
 
 
 2
 In July 1989, an employee of Metro National Bank in Denver noticed that plaintiff and another person authorized to redeem food stamps were depositing large amounts of coupons in their account and immediately withdrawing a corresponding amount of cash. This behavior was unlike that of any of the bank's other food stamp customers. Acting on these suspicions, the employee contacted the United States Department of Agriculture (USDA), the agency charged with administering the food stamp program. An agent of the USDA Office of Inspector General-Investigations interviewed the employee and was told the names of both depositors and the monetary value of the food stamps involved. The bank employee also showed the USDA agent the redeemed food stamps and the log of the bank's daily food stamp redemptions.[2] Plaintiff and his acquaintance were eventually arrested and prosecuted for food stamp fraud.
 
 
 3
 Plaintiff first argues that the United States magistrate judge assigned to his case lacked the jurisdiction to render findings and a recommendation. Plaintiff's contention is meritless. It is clear that the magistrate judge had authority under 28 U.S.C. Sec. 636(b)(1)(B) and Local Rule 603 of the United States District Court for the District of Colorado to submit proposed findings of fact and a recommendation regarding the various motions at issue in this case. We are free to affirm a judgment of the district court on any grounds fairly supported by the record. United States v. Sandoval, 29 F.3d 537, 542 n. 6 (10th Cir.1994). The fact that the magistrate judge referenced Rule 605 in his report instead of Rule 603 does not provide grounds for reversal.
 
 
 4
 Plaintiff's second contention on appeal is that the district court erred in granting summary judgment on his claim under the Right to Financial Privacy Act. The RFPA forbids a financial institution from releasing the financial records of a customer "until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions" of the Act. 12 U.S.C. Sec. 3403(b). Those provisions include notice to the customer of the existence of a summons or subpoena and the nature of the government inquiry. Donovan v. National Bank of Alaska, 696 F.2d 678, 683 (9th Cir.1983). Plaintiff asserts that he was never notified of the investigation and that defendants improperly obtained access to his financial records in derogation of the Act. Specifically, plaintiff argues that the unresolved factual dispute regarding whether the bank employee allowed the USDA agent to see the food stamp log precludes the district court's grant of summary judgment to defendants on his RFPA claim. We disagree. Even assuming that such record was disclosed without plaintiff's authorization, plaintiff's case presents no disputed issue of material fact, and defendants are entitled to a judgment that, as a matter of law, no violation of the RFPA has occurred.
 
 
 5
 "The [Right to Financial Privacy] Act was intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." Id. The balance sought is that "between the customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations." Id. Section 3403(c) of the Act provides, in relevant part:
 
 
 6
 Nothing in this chapter shall preclude any financial institution, or any officer, employee, or agent of a financial institution, from notifying a Government authority that such institution, or officer, employee, or agent has information which may be relevant to a possible violation of any statute or regulation. Such information may include only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity.
 
 
 7
 12 U.S.C. Sec. 3403(c).
 
 
 8
 We agree with the district court that information contained in the bank's food stamp log relating the amount of certain cash withdrawals to contemporaneous coupon deposits could rightfully be disclosed as part of the bank's authority to reveal "the nature of [the] suspected activity" under Sec. 3403(c). As the district court correctly observed, "the key fact that aroused [the bank's] suspicion was not the deposits of fairly large sums of food coupons, but that amounts roughly equal to the food coupon deposits were withdrawn almost contemporaneously. Reporting these withdrawals was [revealing only] the essence of the suspected illegal activity in this case." Supp.App. at 44. Defendants were surely authorized to receive the information that the bank was free under the Act to give them.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The parties dispute whether the log was actually shown to the agent. For purposes of summary judgment, however, we view the evidence in the light most favorable to plaintiff, as the party opposing the motion, and assume that the log was, in fact, revealed without plaintiff's authorization